**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BERT B. BRUSELOFF,

        Plaintiff,

v.

CIVIL CASE NO. 06-11205
HON. MARIANNE O. BATTANI

RUBITIME CALIFORNIA, INC., and
RUBITIME, INC. d/b/a QUEMEX,

        Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

Before the Court is Defendants' Motion to Dismiss (Doc. #7). Plaintiff filed a three-count Complaint against Defendants, Rubitime California, Inc. and Rubitime, Inc.[1] alleging violation of the Michigan Commission Sales Representative Act, breach of contract, and *quantum meruit*. Specifically, Bruseloff alleges Defendant breached a written agreement whereby it agreed to pay Bruseloff a commission on sales of its watches to Kmart Corporation. Defendant requests the Court dismiss Bruseloff's Complaint because he has no standing to assert any claims against it, as he is not a party to the Agreement. For the reasons stated at a hearing held on May 16, 2007, the Court hereby DISMISSES Counts I & III of Plaintiff's Complaint. Plaintiff's remaining breach of contract claim, Count II, will be addressed below.

---

[1] By stipulation, defendant, Rubitime California, Inc., was dismissed from the suit on May 16, 2007.

1

## II. STATEMENT OF FACTS

Rubitime, Inc. is a wristwatch distributor located in Los Angeles, California. In 2001, Rubitime, Inc. was interested in expanding its sales and began looking for opportunities with large retailers. It was subsequently introduced to Birchcrest Marketing and Impulse Promotions, Inc., two independent sales representative companies located in Michigan. Birchcrest and Impulse informed Rubitime, Inc. that they had a relationship with Kmart and, therefore, they could facilitate the sale of Rubitime, Inc.'s "Quemex" wristwatches to Kmart.

Rubitime, Inc., Birchcrest, and Impulse entered into negotiations regarding a sales representative agreement, and on August 21, 2001, they entered into a written agreement ("Agreement") whereby Birchcrest agreed to act as Rubitime, Inc.'s sales representative "for the purpose of obtaining Kmart as a customer." Pursuant to the terms of the Agreement, Rubitime, Inc. agreed to pay a total sales commission of seventy cents on each watch set sold to Kmart to be split equally between Birchcrest and "the Bert Bruseloff Group of Impulse Promotions, Inc." The commissions were to be paid "upon [Rubitime, Inc.'s] receipt of payment from Kmart." After Rubitime, Inc., Birchcrest and Impulse executed the Agreement, Rubitime sold hundreds of thousands of Quemex watches to Kmart. However, Kmart subsequently filed for bankruptcy and failed to pay the entire amount due for the watches. On March 21, 2006, Bruseloff filed his Complaint alleging Rubitime breached the Agreement and that he is owed approximately $280,000 in unpaid commissions.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief may be granted." "This rule allows a defendant to

test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true. Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). The Sixth Circuit has made it clear that "[a] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). The United States Supreme Court recently reiterated this principle, holding that a complaint that fails to allege facts supporting basic elements like loss and loss causation fails to satisfy Federal Rule of Civil Procedure 8. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 338 (2005). When faced with a FED. R. CIV. P. 12(b)(6) motion to dismiss, a district court,

> . . . must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). A complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). A judge may not grant a FED. R. CIV. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. Id.

In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). However, the court does not give the presumption of truthfulness to any legal conclusions, opinions, or deductions, even if they are couched as factual allegations. Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956); Tidik, 938 F.Supp. at 421; Western Mining Council v. Watt, 643 F.2d 618, 629 (9th Cir. 1980); Mitchell v. Archibald & Kendall, Inc., 573 F.2d 429, 432 (7th Cir. 1978). Accordingly, to determine whether a complaint should be dismissed for failure to state a claim under Rule

3

12(b)(6), this court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint.

## IV. ANALYSIS

Defendant contends that Plaintiff's breach of contract claim should be dismissed because he is not a party to the Agreement, and thus, has no standing to sue for its breach. Under the authority cited by Plaintiff, the Court finds that he has standing to assert a claim. In Carmody, the plaintiff sued to recover the value of a steam-engine and other machinery. Carmody v. Powers, 26 N.W. 801, 801 (Mich. 1886). The defendant claimed plaintiff received a judgment in error because the property was subject to claims beyond what he represented, and that the contract was not individual, but was made on behalf of a corporation not yet formed. The Michigan Supreme Court upheld the award, holding that "[a]ny bargain made here which looks to a future incorporation must necessarily be a personal one." Id., at 802.

That case was more recently cited with approval by the Michigan Court of Appeals, which reiterated the principle cited above:

> Similarly, in the case under review, no corporate entity existed at the time the litigants entered into the contract. However, it was the apparent intent of the parties that the contract was to be binding at the time of its making and the plaintiff commenced performance thereunder. It follows that since the corporation never came into being the contract was personal.

LeZontier v. Shock, 260 N.W.2d 85, 89 (Mich. Ct. App. 1977). Moreover, "[a]ny person for whose benefit a promise is made by way of contract . . . has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." Koenig v. City of South Haven, 597 N.W.2d 99, 104 (Mich. 1999) (quoting MICH. COMP. LAWS ANN. § 600.1405). Nevertheless, Defendant contends that under the reasoning in

4

Bruseloff v. Punita Leathers, Inc., 2007 WL 851870 (E.D. Mich. 2007), Plaintiff's breach of contract claim must fail. However, that decision is inapplicable. In that case, Plaintiff's claim was dismissed because he had assigned his right to receive the payments to a third party, and thus, had no standing to assert the claim. Moreover, that decision did not discuss or distinguish either the Carmody or LeZontier cases. Therefore, after examining the applicable substantive law and the facts alleged in Plaintiff's complaint, the Court finds that Plaintiff can prove a set of facts in support of his claim that would entitle him to relief, even though he is not a named party to the agreement. See Tidik, 938 F.Supp. at 421.

Defendant also contends that Plaintiff lacks standing to assert the breach of contract claim because it was Impulse Promotions, and not the Bert Bruseloff Group that was the intended beneficiary. Defendants argue that this intent is evidenced by the fact that he signed the agreement on behalf of "Impulse Promotions." This argument is not persuasive. Although it is true that he signed on behalf of Impulse Promotions, the agreement explicitly lists the Bert Bruseloff Group of Impulse Promotions as an intended beneficiary, not Impulse Promotions. That being the case, what entity is entitled to relief is, at best, unresolved. Defendants offer no law or argument as to why Impulse Promotions is the only entity that may, as a matter of law, assert a claim even though a different entity is listed as the beneficiary. The fact that he did not sign on behalf of the Bert Bruseloff Group only lends credence to his assertion that the entity had not yet been formed.

Finally, Defendants contend that he cannot assert a breach of contract claim because he has not pleaded or come forward with any evidence that he intended to, but did not, form the corporate entity "the Bert Bruseloff Group." Plaintiff has no burden of coming forward with

evidence, as this is a 12(b)(6) motion. Nor does the standard require Plaintiff to allege all relevant facts, just those that would entitle him to relief. To recover for breach of contract under Michigan law, a plaintiff must *prove*: 1) the existence of a contract, 2) the terms of the contract, 3) that the defendant breached the contract, and 4) that the breach caused the plaintiff injury. Webster v. Edward D. Jones & Co., 197 F.3d 815, 819 (6th Cir. 1999). Plaintiff alleges that the parties had an agreement to which he was a beneficiary that Defendants breached, causing him harm. The terms of the agreement are included in his complaint. Thus, Plaintiff has included all necessary allegations concerning the elements he must prove at trial.

V.  **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismissed is **GRANTED** in part, and **DENIED** in part. **IT IS FURTHER ORDERED** that Counts I & III of Plaintiff's Complaint are **DISMISSED.**

**IT IS SO ORDERED.**

S/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

DATED: May 21, 2007

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt  
DEPUTY CLERK